THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00319-MR-DLH

| PAMELA DIZ, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| REBECCA MARTIN, FRANCIS TACY, | ) | |
| JEFF TACY, SERGIO DE SOUSA, | ) | |
| ADAM BULL, LOUIS VEGA, | ) | |
| SABRINA DIZ, KELLY MARLER, | ) | |
| LARAMIE COLLINS, BRITNEY | ) | |
| SCHULTZ, THE REGENERATION | ) | |
| STATION, JONATHAN McELROY, | ) | |
| ASHEVILLE POLICE DEPARTMENT, | ) | |
| MISSION HOSPITAL, McINTOSH | ) | |
| LAW FIRM, and STORMY SPICER, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff brings this action against Rebecca Martin, Francis Tacy, Jeff Tacy, Sergio De Sousa, Adam Bull, Sabrina Diz, Kelly Marler, Laramie Collins, Britney Schultz, The Regeneration Station, Jonathan McElroy, the Asheville Police Department, Mission Hospital, the McIntosh Law Firm, and Stormy Spicer, asserting claims pursuant to 18 U.S.C. § 117 (domestic assault by a habitual offender) and the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* [Doc. 1]. Specifically, the Plaintiff alleges that Rebecca Martin, Francis Tacy, and Jeff Tacy created an "enterprise," the purpose of which "was to force Plaintiff into forfeiting on her mortgage and/or taxes, or getting locked up in jail or in a mental institution all for the purpose of forcing Plaintiff to lose her land." [Doc. 1 at 12]. The Plaintiff further alleges that the other named Defendants assisted this "enterprise" and helped further its goals. [Id.].

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal

2

theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

To the extent that the Plaintiff attempts to assert a cause of action pursuant to 18 U.S.C. § 117, her claims must be dismissed. Section 117 is a criminal statute, which does not provide any private right of action. See Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.") (quoting in part Cort v. Ash, 422 U.S. 66, 80 (1975)). Even if a private right of action existed under this statute, the Plaintiff has not alleged any plausible facts to support such a claim.

To the extent that the Plaintiff attempts to assert a private right of action under RICO, such claims also must be dismissed. "RICO provides a private right of action for treble damages to '[a]ny person injured in his business or property by reason of a violation'" of the Act's criminal prohibitions. Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 641 (2008) (quoting 18 U.S.C. § 1964(c)). A plaintiff seeking civil damages under RICO must show: "(1) conduct [causing injury to business or property]; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." Whitney, Bradley & Brown,

Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). A pattern of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The RICO statutes defines "racketeering activity" as any act or threat of murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, dealing in a controlled substance, or any act which is indictable under a series of enumerated federal criminal statutes. See 18 U.S.C. § 1961(1). To state a civil RICO claim, a plaintiff must allege "the necessary 'continuity' to establish the required pattern that distinguishes 'racketeering activity' under RICO from 'garden-variety' commercial disputes." Gilchrist v. Cook, No. 7:07-0508-HFF-WMC, 2007 WL 950386, at *3 (D.S.C. Mar. 26, 2007) (citation omitted). In order to satisfy the "enterprise" element, a plaintiff must allege "two separate and distinct entities: a 'person' and 'an enterprise' through which the person acts." Id. (citation omitted).

Construing the *pro se* Plaintiff's Complaint liberally, the Court concludes that the Plaintiff has failed to allege the requisite "enterprise" and "pattern of racketeering activity" necessary to state a RICO claim. The facts as alleged establish, at best, tortious activities allegedly committed by Rebecca Martin, Francis Tacy, and Jeff Tacy against the Plaintiff. The

4

Plaintiff's Complaint fails to establish that an "enterprise" existed separate and apart from these individuals. Further, the facts as alleged by the Plaintiff fail to establish the requisite pattern of racketeering activity necessary to sustain a RICO claim. While the Plaintiff accuses the Defendants of committing various outrageous acts, including attempted murder, kidnapping of her child, and destruction of court records, she fails to present any plausible facts to support such outlandish allegations.

For the reasons stated herein, the Court concludes that the Plaintiff's Complaint is frivolous and therefore subject to dismissal with prejudice.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: December 29, 2017

Martin Reidinger
United States District Judge