# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:17-cv-00319-MR-DLH

| | |
|---|---|
| PAMELA DIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| REBECCA MARTIN, FRANCIS TACY, ) | |
| JEFF TACY, SERGIO DE SOUSA, ) | |
| ADAM BULL, LOUIS VEGA, ) | |
| SABRINA DIZ, KELLY MARLER, ) | |
| LARAMIE COLLINS, BRITNEY ) | |
| SCHULTZ, THE REGENERATION ) | |
| STATION, JONATHAN McELROY, ) | |
| ASHEVILLE POLICE DEPARTMENT, ) | |
| MISSION HOSPITAL, McINTOSH ) | |
| LAW FIRM, and STORMY SPICER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit
Court of Appeals for the limited purpose of allowing this Court to determine
whether the time for filing a notice of appeal should be extended under Fed.
R. App. P. 4(a)(5)(A).  [Doc. 28].

## I.    PROCEDURAL HISTORY

The Plaintiff initiated this action on November 28, 2017, against
Rebecca Martin, Francis Tacy, Jeff Tacy, Sergio De Sousa, Adam Bull,

Sabrina Diz, Kelly Marler, Laramie Collins, Britney Schultz, The Regeneration Station, Jonathan McElroy, the Asheville Police Department, Mission Hospital Affiliates, the McIntosh Law Firm, and Stormy Spicer, asserting claims pursuant to 18 U.S.C. § 117 (domestic assault by a habitual offender) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* [Doc. 1]. Specifically, the Plaintiff alleged that Rebecca Martin, Francis Tacy, and Jeff Tacy created an "enterprise," the purpose of which "was to force Plaintiff into forfeiting on her mortgage and/or taxes, or getting locked up in jail or in a mental institution all for the purpose of forcing Plaintiff to lose her land." [Doc. 1 at 12]. The Plaintiff further alleged that the thirteen other named Defendants assisted this "enterprise" and helped further its goals. [Id.].

On December 14, 2017, the Magistrate Judge entered an Order granting the Defendant City of Asheville an extension of time until January 18, 2018, to answer or otherwise respond to the Plaintiff's Complaint. [Doc. 8]. On December 21, 2017, the Magistrate Judge entered an Order granting Defendant Mission Hospital Affiliates an extension of time until January 25, 2018, to answer or otherwise respond to the Plaintiff's Complaint. [Doc. 13]. That same day, the Magistrate Judge entered an Order granting Defendant

2

Asheville Police Department an extension of time until January 18, 2018, to answer or otherwise respond to the Plaintiff's Complaint. [Doc. 14].

On December 29, 2017, the Court entered an Order dismissing the Plaintiff's Complaint as frivolous. [Doc. 22]. A Clerk's Judgment was entered the same day. [Doc. 23].

The Plaintiff filed her Notice of Appeal on February 8, 2018. [Doc. 24].

## II.   DISCUSSION

A litigant must file a notice of appeal in a civil suit within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court may extend the time for filing a notice of appeal if a party moves for an extension of the appeals period within 30 days after the expiration of the original appeals period and the party demonstrates either excusable neglect or good cause to warrant the extension. Fed. R. App. P. 4(a)(5).

Here, the Court entered its final Judgment on December 29, 2017. Thus, the Plaintiff had thirty days, through and including January 28, 2018, to file a timely Notice of Appeal. The Plaintiff's Notice of Appeal was not filed filed until February 8, 2018, forty-one days after the entry of Judgment and eleven days after the appeal period expired. In the Notice of Appeal, the

Plaintiff offers an excuse for the lateness of her filing and requests that the Court reopen the appeal time. [Doc. 24 at 2]. Because the Plaintiff's filing was made within thirty days of the expiration of the original appeal period, the Court must determine under Fed. R. App. P. 4(a)(5) whether the Plaintiff has shown excusable neglect or good cause for an extension of the appeal period.

As grounds for excusing her late filing, the Plaintiff states that "after receiving the order [sic] that litigants had been given more time to respond she did not expect the case to be dismissed and *was not opening her mail*, taking the extra time that was afforded to the litigants to respond so that she may deal with her health." [Doc. 24 at 2] (emphasis added).

The Plaintiff offers no specifics regarding her health problems or why ignoring the Court's correspondence was necessary to address such problems. Significantly, she does not claim to have been incapacitated by her health problems during this time.

As noted in the Procedural History, the Magistrate Judge entered three separate Orders granting extensions of time to three of the sixteen named Defendants. Thus, when the Plaintiff states that she decided not to open her mail "after receiving the *order*," it is unclear from the Plaintiff's Notice of Appeal to which of these Orders she is referring. Regardless, all three

Orders entered by the Magistrate Judge granted extensions of time to respond for only a matter of a few weeks: the City of Asheville and the Asheville Police Department were allowed until January 18, 2018 to respond, and Mission Hospital Affiliates was allowed until January 25, 2018. The Plaintiff, however, did not file her Notice of Appeal until February 8, 2018, two weeks after the last of these extensions. If the Plaintiff in fact decided to stop reading the Court's correspondence because three Defendants received extensions of time to answer, the Plaintiff fails to explain why she continued to ignore such correspondence for *two weeks after* the deadline passed for these Defendants to respond.[1]

The Plaintiff had sued a total of sixteen Defendants and had served all of them by December 14, 2017. [See Docs. 4, 5, 6: Summonses Returned Executed]. Three Defendants had already made appearances by December 21, 2017. It would be obvious to any reasonable litigant that more appearances by Defendants would be forthcoming, and that there would be pleadings filed to which the Plaintiff would have to respond. Yet, the Plaintiff decided unilaterally, with no notice to anyone -- including the Court -- that

---

[1] Had the Plaintiff resumed opening her mail on January 25, 2018, she would have had three days to file a timely Notice of Appeal.

she would stop opening her mail for an undetermined period of time. The Plaintiff's decision to do so is simply inexcusable.

Mail service is the only means by which the Court (and the Defendants) can communicate with the Plaintiff. No litigant, represented or otherwise, can decide to stop paying attention to a pending case without running the risk of incurring serious consequences. The Fourth Circuit has held that an attorney's deliberate inattentiveness toward a pending litigation does not constitute excusable neglect. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (interpreting excusable neglect as used in Fed. R. Civ. P. 60(b)(1)).[2] The Court is mindful that a *pro se* litigant is not held to the same stringent standards as those applied to a member of the Bar. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, any litigant, represented or *pro se*, should be expected at a minimum to read the orders of the Court that are mailed to her.

For these reasons, the Court concludes that the Plaintiff has failed to show good cause or excusable neglect to warrant an extension of the appeals period.

---

[2] The Fourth Circuit has recognized that the term excusable neglect "generally has the same meaning throughout the federal procedural rules." Martinez v. United States, 578 F. App'x 192, 194 fn* (4th Cir. 2014).

**IT IS, THEREORE, ORDERED** that the Plaintiff's request to extend the

time to file an appeal is **DENIED.**

**IT IS SO ORDERED.**

Signed: July 20, 2018

Martin Reidinger
United States District Judge