THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00319-MR-WCM

| | | |
|---|---|---|
| PAMELA DIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| REBECCA MARTIN, FRANCIS TACY, | ) | |
| JEFF TACY, SERGIO DE SOUSA, | ) | |
| ADAM BULL, LOUIS VEGA, | ) | |
| SABRINA DIZ, KELLY MARLER, | ) | |
| LARAMIE COLLINS, BRITNEY | ) | |
| SCHULTZ, THE REGENERATION | ) | |
| STATION, JONATHAN McELROY, | ) | |
| ASHEVILLE POLICE DEPARTMENT, | ) | |
| MISSION HOSPITAL, McINTOSH | ) | |
| LAW FIRM, and STORMY SPICER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Motion for Rule 60(b) Newly Discovered Evidence and Fraud on the Court." [Doc. 34].

**I.    PROCEDURAL BACKGROUND**

The Plaintiff initiated this action on November 28, 2017, against Rebecca Martin, Francis Tacy, Jeff Tacy, Sergio De Sousa, Adam Bull, Sabrina Diz, Kelly Marler, Laramie Collins, Britney Schultz, The

Regeneration Station, Jonathan McElroy, the Asheville Police Department, Mission Hospital Affiliates, the McIntosh Law Firm, and Stormy Spicer, asserting claims pursuant to 18 U.S.C. § 117 (domestic assault by a habitual offender) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* [Doc. 1]. Specifically, the Plaintiff alleged that Rebecca Martin, Francis Tacy, and Jeff Tacy created an "enterprise," the purpose of which "was to force Plaintiff into forfeiting on her mortgage and/or taxes, or getting locked up in jail or in a mental institution all for the purpose of forcing Plaintiff to lose her land." [Doc. 1 at 12]. The Plaintiff further alleged that the thirteen other named Defendants assisted this "enterprise" and helped further its goals. [Id.].

On December 29, 2017, this Court entered an Order dismissing the Plaintiff's Complaint as frivolous. [Doc. 22]. A Clerk's Judgment was entered the same day. [Doc. 23].

The Plaintiff filed her Notice of Appeal on February 8, 2018. [Doc. 24]. On June 20, 2018, the Court of Appeals for the Fourth Circuit entered an Order remanding this matter for the limited purpose of allowing this Court to determine whether the Plaintiff's time for filing a notice of appeal should be extended under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. [Doc. 28]. On July 20, 2018, this Court entered an Order denying the

extension on the grounds that the Plaintiff had failed to demonstrate either excusable neglect or good cause to warrant such an extension. [Doc. 29]. On September 7, 2018, the Court of Appeals dismissed the Plaintiff's appeal as untimely. [Doc. 32]. The Court of Appeals issued its mandate on October 1, 2018. [Doc. 33].

On December 5, 2019, the Plaintiff filed the present motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Attached to the Plaintiff's motion are 1,182 pages of various exhibits. [Doc. 35]. The Plaintiff moves for relief from the Judgment whereby this action was dismissed on the grounds of "newly discovered evidence of [an] ongoing pattern of racketeering" as well as "evidence of Fraud on the court by Defendants Francis Tacy and Becky Martin." [Doc. 34 at 1-2]. Specifically, the Plaintiff alleges that Defendants Becky Martin, Francis Tacy, and Sergio De Sousa (to whom the Plaintiff collectively refers to as "the Enterprise") "attempted to end Plaintiff's life preventing Plaintiff from being able to file a [R]ule 59 [motion] in this case." [Id. at 2]. She further alleges that "the Enterprise" continues to engage in acts of fraud, delay, and intimidation against her. [Id.].

## II. ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court "[o]n motion and just terms [to] relieve a party or [her] legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In addition to meeting one of the subsections of Rule 60(b), a litigant seeking to set aside a judgment also must establish that her motion was timely filed, that she has a meritorious claim, and that there would be no

4

unfair prejudice to the nonmoving party by having the judgment set aside. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).

The Plaintiff has failed to establish any of these elements here. The Plaintiff filed her motion more than fourteen months after the conclusion of her appeal, and she offers no plausible justification for this delay. Further, the Plaintiff still fails to present a meritorious RICO claim. The facts as alleged establish, at best, tortious activities allegedly committed by Rebecca Martin, Francis Tacy, and Jeff Tacy against the Plaintiff; however, the Plaintiff has failed to establish that an "enterprise" existed separate and apart from these individuals. Further, while the Plaintiff accuses the Defendants of committing various outrageous acts, including attempted murder, kidnapping of her child, and destruction of court records, she has failed to present any plausible facts to support such extreme allegations. Finally, the Plaintiff has failed to show that the Defendants would not suffer any unfair prejudice by having the judgment set aside.

For all of these reasons, the Plaintiff's Rule 60(b) motion is denied.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's "Motion for Rule 60(b) Newly Discovered Evidence and Fraud on the Court" [Doc. 34] is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 12, 2019

Martin Reidinger
United States District Judge