THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00319-MR-DLH

| | |
|---|---|
| PAMELA DIZ, ) ) Plaintiff, ) ) vs. ) ) REBECCA MARTIN, FRANCIS TACY, ) JEFF TACY, SERGIO DE SOUSA, ) ADAM BULL, LOUIS VEGA, ) SABRINA DIZ, KELLY MARLER, ) LARAMIE COLLINS, BRITNEY ) SCHULTZ, THE REGENERATION ) STATION, JONATHAN McELROY, ) ASHEVILLE POLICE DEPARTMENT, ) MISSION HOSPITAL, McINTOSH ) LAW FIRM, and STORMY SPICER, ) ) Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Request for Additional Time to Appeal Due to Ongoing Fraud and Illness" [Doc. 39] and the Plaintiff's Motion for Change of Venue [Doc. 40].

## I. PROCEDURAL HISTORY

The Plaintiff initiated this action on November 28, 2017, against a number of defendants, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* [Doc. 1]. On

December 29, 2017, the Court entered an Order dismissing the Plaintiff's Complaint as frivolous. [Doc. 22]. A Clerk's Judgment was entered the same day. [Doc. 23].

The Plaintiff filed a Notice of Appeal on February 8, 2018. [Doc. 24]. On June 20, 2018, the Fourth Circuit Court of Appeals remanded the case for the limited purpose of allowing this Court to determine whether the time for filing a notice of appeal should be extended under Fed. R. App. P. 4(a)(5)(A). [Doc. 28]. On July 20, 2018, this Court entered an Order, concluding that the Plaintiff had failed to show good cause or excusable neglect to warrant an extension of the appeals period. [Doc. 29]. On September 7, 2018, the Court of Appeals dismissed the Plaintiff's appeal as untimely. [Doc. 32]. The Court of Appeals issued its mandate on October 1, 2018. [Doc. 33].

On December 5, 2019, the Plaintiff filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to set aside this Court's Judgment on the grounds of "newly discovered evidence of [an] ongoing pattern of racketeering" as well as "evidence of Fraud on the court by Defendants Francis Tacy and Becky Martin." [Doc. 34 at 1-2]. The Court denied the Plaintiff's Rule 60(b) motion on December 12, 2019. [Doc. 38].

On February 7, 2020, the Plaintiff filed the present motion, seeking additional time to file an appeal "due to ongoing fraud and illness." [Doc. 39 at 1]. The Plaintiff also separately moves for a change of venue, arguing that she "cannot get a fair trial in this area…." [Doc. 40 at 1].

## II. DISCUSSION

A litigant must file a notice of appeal in a civil suit within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court may extend the time for filing a notice of appeal if (1) a party moves for an extension of the appeals period within 30 days after the expiration of the original appeals period and (2) the party demonstrates either excusable neglect or good cause to warrant the extension. Fed. R. App. P. 4(a)(5).

Here, the Court entered its Order denying the Plaintiff's Rule 60(b) motion on December 12, 2019. Thus, the Plaintiff had thirty days, through and including January 13, 2020, to file a timely Notice of Appeal. The Plaintiff filed her request for additional time to file a Notice of Appeal on February 7, 2020, 25 days after the appeal period expired. Because the Plaintiff's filing was made within thirty days of the expiration of the original appeal period, the Court must determine under Fed. R. App. P. 4(a)(5) whether the Plaintiff

has shown excusable neglect or good cause for an extension of the appeal period.

The Plaintiff contends, in part, that she has been bed-ridden for the past three weeks due to a flare-up of various chronic illnesses and therefore has been unable to file an appeal. [Doc. 39 at 4]. In the interests of justice, and mindful of the Plaintiff's *pro se* status, the Court finds that the Plaintiff has shown good cause for an extension of the appeal period. The Court therefore will allow the Plaintiff fourteen days from the date of the entry of this Order in which to file a Notice of Appeal with the Fourth Circuit Court of Appeals. See Fed. R. App. P. 4(a)(5)(C).

The Plaintiff's motion for a change of venue is denied as moot.

**IT IS, THEREORE, ORDERED** that the Plaintiff's "Request for Additional Time to Appeal Due to Ongoing Fraud and Illness" [Doc. 39] is **GRANTED**. The Plaintiff shall have fourteen (14) days from the entry of this Order in which to file a Notice of Appeal with the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Change of Venue [Doc. 40] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge